IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN PAUL HEMMINGER,              )
                                  )
                  Plaintiff,      )
                                  )
vs.                               )     Case No. CIV-11-1274-D
                                  )
STEPHEN D. BEAM, *et al.*,        )
                                  )
                  Defendants      )

## ORDER

Before the Court is Defendant Gulen Dinc Zubizarreta's Motion to Dismiss [Doc. No. 25], filed pursuant to Fed. R. Civ. P. 12.[1]  Defendant Zubizarreta moves for dismissal of the action against her for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and, alternatively, failure to state a claim for relief under Rule 12(b)(6).[2] Plaintiff John Paul Hemminger, who appears *pro se*, has responded in opposition to the Motion, which is fully briefed and at issue.

### Plaintiff's Pleading

Plaintiff is proceeding under the Second Amended Complaint [Doc. No. 30], which asserts claims against multiple defendants under federal law.  Plaintiff claims that Defendants have violated or conspired to violate his civil rights under various amendments to the United States Constitution,

---

[1] Plaintiff utilizes the spelling "Zubizaretta" in his pleadings, but the Motion and other filings utilize the spelling "Zubizarreta." Because Plaintiff's response to the Motion adopts "Zubizarreta," the Court assumes this is the correct spelling of Defendant's name.

[2] A federal court must determine that jurisdiction exists as a threshold matter before considering the merits of a case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1999) (subject matter jurisdiction); *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584 (1999) (personal jurisdiction).

for which he is seeks damages under 42 U.S.C. § 1983.[3]  Subject matter jurisdiction is alleged to

exist under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).[4]

Defendant Zubizarreta is Plaintiff's ex-wife and the mother of his minor son, JDH.  They

were granted a divorce by the District Court of Custer County, Oklahoma, in an action filed in 2002.

According to Plaintiff, Defendant Zubizarreta was granted custody of JDH in 2006, and relocated

with the child and a new spouse to New York in 2008.  There have been ongoing court proceedings

regarding visitation, child support, and other issues involving the child in both Oklahoma and New

York, and according to the Second Amended Complaint, actions are currently pending in both

jurisdictions.[5]  Plaintiff alleges that, throughout these various proceedings and in separate dealings

with Plaintiff regarding JDH, Defendant Zubizarreta has repeatedly interfered with Plaintiff's

visitation privileges, denied physical visitation, withheld information, acted contrary to JDH's

interests and court orders regarding various matters (such as counseling and school), and obtained

court orders against Plaintiff in New York without notice.  Defendant Zubizarreta's actions allegedly

were "meant to permanently deprive Plaintiff of interaction with their Minor Child, JDH, [in

---

[3] The Second Amended Complaint refers to the First, Fourth and Fourteenth Amendments.  Plaintiff has requested permission to amend his pleading to add references to the Fifth, Sixth and Ninth Amendments.  *See* Pl.'s Mot. File Third Am. Compl. [Doc. No. 64], ¶ 4.  In addition to § 1983, Plaintiff cites 42 U.S.C. § 1985, perhaps because he claims Defendants conspired to violate his constitutional rights.  However, § 1985(3) provides redress for "conspiracies driven by 'some racial or otherwise class-based discriminatory animus,'" which is not alleged here.  *See Dixon v. City of Lawton*, 898 F.2d 1443, 1448 (10th Cir. 1990) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Plaintiff also cites 42 U.S.C. § 1988, but it "does not create independent causes of action."  *Schroder v. Volker*, 864 F.2d 97, 99 (10th Cir. 1991).

[4] The Second Amended Complaint also makes a conclusory reference to diversity of citizenship, but complete diversity does not exist.  Both Plaintiff and Defendants Beam and Kelly are citizens of Oklahoma.

[5] In addition to the Custer County action, there is a pending appeal before the Oklahoma Court of Civil Appeals, and Plaintiff has initiated an action in Canadian County, Oklahoma, where he now resides.  Defendant Zubizarreta initiated an action in Queens County Family Court, New York, after her relocation.  Plaintiff has apparently sought to appeal adverse rulings of that court to a higher court, but the status of appellate proceedings in New York is unclear from Plaintiff's pleading.

violation] of Plaintiff's Constitutional and civil rights," and Defendant Zubizarreta allegedly conspired with other defendants to deprive Plaintiff of "his Constitution[al], civil, statutory, and parental rights and companionship of the Minor Child, JDH." *See* Second Am. Compl. [Doc. No. 30], ¶¶ 11, 72. Plaintiff seeks damages for emotional distress and "loss of . . . companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, education, . . . or other intangible loss in his relationship with his Minor Child, JDH." *Id.* ¶ 74. Plaintiff also prays for declaratory and injunctive relief against conduct that "is depriving Plaintiff of procedural and substantive process of law and [eroding] his constitutional and civil rights with respect to Plaintiff's Minor Child, JDH." *Id.* at 40.

Defendant Stephen Beam is an attorney who has represented, and continues to represent, Defendant Zubizarreta in the proceedings; he is sued both individually and "in his capacity as agent of" Defendant Zubizarreta. *Id.* at 1 (caption). Defendants Christopher S. Kelly and Francine Seiden are state court judges or officials who have presided over divorce or family court proceedings in Oklahoma and New York respectively; they are sued individually and in their official capacities.

## Defendant's Motion

Defendant Zubizarreta invokes the domestic relations exception to federal jurisdiction. She asserts that, notwithstanding Plaintiff's federal law theories, this "case is, at its core, a domestic relations matter" for which federal jurisdiction is lacking. *See* Def.'s Br. Supp. Mot. Dism. [Doc. No. 26], at 6. Alternatively, Defendant Zubizarreta asserts the *Younger* [6] abstention doctrine prevents this Court from exercising jurisdiction over Plaintiff's claims because all criteria for abstention are met. *See Seneca-Cayuga Tribe v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711

---

[6] *Younger v. Harris*, 401 U.S. 37 (1971).

3

(10th Cir. 1989) ("*Younger* abstention requires an ongoing state judicial . . . proceeding, the presence of an important state interest, and an adequate opportunity to raise federal claims in the state proceedings."). Defendant Zubizarreta also asserts that this Court lacks personal jurisdiction over her because she lacks sufficient contacts with the State of Oklahoma; her only contacts in recent years have been "those necessary to defend Plaintiff's relentless claims." *See* Def.'s Br. Supp. Mot. Dism. [Doc. No. 26], at 11. Finally, Defendant Zubizarreta contends Plaintiff's pleading fails to state a § 1983 claim against her.

## Subject Matter Jurisdiction

### A.    Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City Of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered. *See Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995).[7] Where, however, the motion challenges the underlying factual basis for subject matter jurisdiction, the court's decision is not constrained by the pleadings; "the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union*

---

[7] Even when a court must confine itself to the plaintiff's pleading, however, the court may consider exhibits attached to a complaint and documents referred to in the complaint that are central to the plaintiff's claim, as well as matters of which a court may take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

*v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005) (citing *Holt,* 46 F. 3d at 1002-03); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).

In this case, the Court finds that Defendant Zubizarreta's Rule 12(b)(1) motion presents both facial and factual attacks on Plaintiff's asserted basis for federal subject matter jurisdiction. Although the Second Amended Complaint asserts federal civil rights claims, Defendant Zubizarreta asserts that an exercise of federal jurisdiction is barred by the domestic relations exception or the *Younger* abstention doctrine.

**B.    Domestic Relations Exception**

Defendant Zubizarreta's reliance on the domestic relations exception to federal jurisdiction rests on the settled principles that "federal courts have no jurisdiction over questions of divorce, alimony and child custody" and that "'[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States.'" *See* Def.'s Br. Supp. Mot. Dism. [Doc. No. 26], at 3 (citing cases; quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)). Although Plaintiff does not seek a determination of custody or support, Defendant Zubizarreta contends that Plaintiff's claims involve the parents' respective rights and obligations under court orders regarding JDH's custody and visitation, and arise from various court rulings and hearings regarding domestic matters.

The domestic relations exception is a judicially created doctrine that is narrow in scope. *See Marshall v. Marshall*, 547 U.S. 293, 299 (2006). It "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Abstention may also be appropriate "in a case involving elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody," such as where "the suit depended on a determination of the status of the parties." *Id*. at 706; *see Elk Grove United Sch. Dist. v.*

5

*Newdow*, 542 U.S. 1, 13 (2004).  Thus, the court of appeals has held that the exception bars a suit that, although asserting a claim for breach of contract, essentially seeks to recover unpaid child support.  *See Vaughan v. Smithson*, 883 F.3d 63, 65 (10th Cir. 1989).  Defendant Zubizarreta argues that an analogous situation is presented here because Plaintiff's "claims are grounded completely on the custody and visitation orders issued by the courts in Custer County, Oklahoma, and Queens County, New York."  *See* Def.'s Br. Supp. Mot. Dism. [Doc. No. 26] at 5.

Although Plaintiff's federal legal theories are not entirely clear, the Court is not persuaded that Plaintiff's Second Amended Complaint seeks a determination of issues regarding child custody or visitation, or that the action depends on a determination of his status with regard to JDH. Assuming for present purposes that the Second Amended Complaint states a § 1983 claim, the Court understands Plaintiff's primary concern to be the manner in which the divorce court and family court proceedings have been conducted, allegedly in violation of constitutional rights such as substantive and procedural due process.  Regarding Defendant Zubizarreta, Plaintiff complains, at least in part, of her involvement in causing the alleged violations to occur.  Although Plaintiff's protected interest may be grounded on his parental rights or a parental relationship with JDH, the Court does not understand that Plaintiff seeks an adjudication of those rights in this case, or that his suit depends entirely on his status with regard to JDH.  Therefore, the  domestic relationship exception does not divest the Court of subject matter jurisdiction in this case.

## C.    *Younger* **Abstention**

A federal court's obligation to exercise subject matter jurisdiction may be overcome by an abstention doctrine where "inaction is necessary to avoid undue interference with states' conduct of their own affairs."  *Seneca-Cayuga Tribe*, 874 F.2d at 711.  "The *Younger* doctrine requires a federal court to abstain from hearing a case where three criteria are met.  These criteria are:  (1) state

judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *Seneca-Cayuga Tribe*, 874 F.2d at 711. "*Younger* abstention is not discretionary once the above conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga*, 874 F.2d at 711 (citation omitted); *accord J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999). In this case, Defendant Zubizarreta contends the three criteria are met, and abstention is mandatory, because there are ongoing state domestic law proceedings in which Plaintiff can litigate the federal constitutional issues raised in this action.

Plaintiff's only response to this proposition is that "this is an independent action with causes of action separate and distinct from the underlying state action(s)" and thus "the *Younger* abstention doctrine does not apply." *See* Pl.'s Resp. Br. [Doc. No. 59] at 3, ¶ 7. Notably, Plaintiff does not deny the existence of ongoing state court proceedings regarding the child custody and visitation issues between Defendant Zubizarreta and himself as parents of JDH. In fact, Plaintiff attaches copies of recent orders issued by the Oklahoma Court of Civil Appeals and the Supreme Court of the State of New York, Appellate Division. *See id.* Exhibits 3 & 4 [Doc. Nos. 59-3 & 59-4].[8] Apart from the appellate proceedings that Plaintiff has initiated, Defendant Zubizarreta has sought assistance from the Queens County Family Court to oversee custody and visitation issues. Defendant Zubizarreta has provided documents showing that Defendant Kelly, presiding over the

---

[8] Plaintiff has also provided exhibits in response to this Motion, and has made other filings in the case, that identify the child and that contain personal identifiers. Plaintiff is cautioned that these filings violate Fed. R. Civ. P. 5.2 and that redacted filings should be made in the future.

Custer County divorce and custody proceeding, has relinquished jurisdiction to New York as JDH's home state, which has been accepted.[9]  Plaintiff has provided documents showing that he appealed Judge Kelly's decision, and at the time the case was filed, the appeal remained pending before the Oklahoma Court of Civil Appeals.[10]

Under these circumstances, the Court finds that *Younger* abstention is required with regard to Plaintiff's claims against Defendant Zubizarreta.  Allegations that she has denied him visitation with JDH, violated court orders, or obtained orders improperly – without notice to him or otherwise in violation of his constitutionally protected rights – may be asserted in the ongoing proceedings between the parties.  The Tenth Circuit addressed an analogous situation in *Chapman v. State of Oklahoma*, 472 F.3d 747 (10th Cir. 2006), and held that abstention was required under the *Younger* doctrine.  In that case, a noncustodial parent alleged constitutional violations in the Oklahoma family court system, and sought declaratory and injunctive relief and damages against various officials.  The district court dismissed the action for lack of jurisdiction under the *Rooker-Feldman* doctrine,[11] but the court of appeals affirmed on the ground that *Younger* abstention was necessary.  The three criteria for the doctrine were met where the plaintiff was a party to an ongoing state court proceeding, he had not shown the state court was not an adequate forum to hear his constitutional

---

[9]  Plaintiff has presented a docket sheet from the Custer County case, which reflects that although Judge Kelly is an associate district judge for Washita County, Oklahoma, he was assigned to the case in December, 2009, after the presiding judge recused.

[10]  Plaintiff's response to the Motion is accompanied by a copy of a petition for rehearing filed in the appeal, which recites that an opinion was issued on May 17, 2012, affirming the order finding Oklahoma to be an inconvenient forum and transferring jurisdiction to New York.

[11]  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923).

challenges, and the subject of domestic relations belonged to state and not federal law.  *See id*. at 749-50.  The Court reaches the same conclusion in this case.

### Conclusion

For these reasons, the Court finds that it lacks jurisdiction to hear Plaintiff's claims against Defendant Zubizarreta, which are barred by the *Younger* abstention doctrine.

IT IS THEREFORE ORDERED that Defendant Gulen Dinc Zubizarreta's Motion to Dismiss [Doc. No. 25] is GRANTED, as set forth herein.  This action is dismissed without prejudice as to Defendant Gulen Dinc Zubizarreta for lack of subject matter jurisdiction.

IT IS SO ORDERED this 19th day of November, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE