IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOHN PAUL HEMMINGER,                )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )   Case No. CIV-11-1274-D
                                    )
STEPHEN D. BEAM, *et al.*,           )
                                    )
                    Defendants      )

## <u>ORDER</u>

Before the Court are Defendant Christopher S. Kelly's motions to dismiss the Second

Amended Complaint, filed individually [Doc. No. 31] and in his official capacity as an associate

district judge for Washita County, Oklahoma [Doc. No. 32].  Plaintiff John Paul Hemminger, who

appears *pro se*, has filed a combined response to both motions, and Judge Kelly has replied.  The

motions are thus at issue.

### Factual Background

By the Second Amended Complaint [Doc. No. 30], Plaintiff brings claims against multiple

defendants under federal law.  Plaintiff claims that Defendants have violated and conspired to violate

his civil rights under various amendments to the United States Constitution, for which he is seeks

damages under 42 U.S.C. § 1983.[1]  Subject matter jurisdiction is alleged to exist under 28 U.S.C.

§ 1331 (federal question) and § 1343 (civil rights).

---

[1]  The Second Amended Complaint refers to the First, Fourth and Fourteenth Amendments.  Plaintiff
has requested permission to amend his pleading to add references to the Fifth, Sixth and Ninth Amendments.
*See* Pl.'s Mot. File Third Am. Compl. [Doc. No. 64], ¶ 4.  In addition to § 1983, Plaintiff cites 42 U.S.C.
§ 1985, perhaps based on his conspiracy allegations.  However, § 1985(3) provides redress for "conspiracies
driven by 'some racial or otherwise class-based discriminatory animus,'" which is not alleged here.  *See
Dixon v. City of Lawton*, 898 F.2d 1443, 1448 (10th Cir. 1990) (quoting *Griffin v. Breckenridge*, 403 U.S.
88, 102 (1971)).  Plaintiff also cites 42 U.S.C. § 1988, but it "does not create independent causes of action."
*Schroder v. Volker*, 864 F.2d 97, 99 (10th Cir. 1991).

Judge Kelly presided over a child custody proceeding in the District Court of Custer County, Oklahoma, between Plaintiff and his ex-wife, Defendant Gulen Dinc Zubizarreta, who is the mother of his minor son, JDH.[2]   Judge Kelly's involvement in the case concerned issues regarding Plaintiff's rights as a noncustodial parent after Defendant Zubizarreta relocated with the child and a new spouse to New York.[3]  Since the relocation, there have been ongoing court proceedings regarding visitation, child support, and other issues involving the child in both Oklahoma and New York, and according to the Second Amended Complaint, actions are currently pending in both jurisdictions.[4]  Plaintiff complains of the manner in which Judge Kelly conducted the Oklahoma proceedings; Judge Kelly allegedly limited the matters for consideration, failed to hear motions that Plaintiff had filed before Judge Kelly transferred jurisdiction to the Queens County Family Court in New York, engaged in unrecorded case discussions or ex-parte hearings, and participated in court sessions with the assigned officer in New York without prior notice to Plaintiff's counsel.  Other defendants include Stephen Beam, an attorney who has represented Defendant Zubizarreta in Oklahoma, and Francine Seiden, who is the presiding officer in the family court proceeding in New York and is also sued individually and in her official capacity.

---

[2] Plaintiff utilizes the spelling "Zubizaretta" in his pleadings, but the Court utilizes the spelling that was provided in Defendant Zubizarreta's filings and adopted by Plaintiff in subsequent filings.  The spelling "Zubizarreta" also appears in related state court cases, discussed below.

[3] The record in the Custer County case reflects that Judge Kelly was assigned to preside over the proceedings in 2009, after the regularly assigned judge recused on the motion of Plaintiff.

[4] In addition to the Custer County action, Plaintiff took an appeal to the Oklahoma Court of Civil Appeals, and he initiated a separate action in Canadian County, Oklahoma, where he now resides.  Defendant Zubizarreta initiated an action in Queens County Family Court, New York, after her relocation. Plaintiff has apparently sought to appeal adverse rulings of that court to a higher court, but the status of appellate proceedings in New York is unclear from Plaintiff's pleading.

Plaintiff alleges that all Defendants' actions, individually and collectively, caused Plaintiff to suffer a deprivation of federal constitutional rights, for which he seeks to recover damages under § 1983.  Plaintiff also prays for declaratory and injunctive relief against conduct that "is depriving Plaintiff of procedural and substantive process of law and [eroding] his constitutional and civil rights with respect to Plaintiff's Minor Child, JDH."  *See* Second Am. Compl. [Doc. No. 30], at 40. Particularly as to Judge Kelly, Plaintiff complains that "Defendant Kelly's denial to act on Plaintiff's properly filed motions essentially abrogated permanently, those rights afforded under the Constitutions and statutes of the United States and Oklahoma" and was in "furtherance of the concerted conduct on behalf of defendants to fail to inform, conceal, hide, and obfuscate" the judicial process.  *Id.*, ¶ 73.  For his alleged emotional distress and injuries to his relationship with JDH, Plaintiff seeks compensatory and punitive damages, as well as unspecified declaratory and injunctive relief.  Regarding the doctrine of judicial immunity, Plaintiff alleges that it has been "lost through Defendant's conduct and/or concerted effort(s), alone or with others."  *Id.* ¶ 75.

### Defendant's Motions

Moving for dismissal in his official capacity, Judge Kelly claims that he has sovereign immunity from a suit for damages under the Eleventh Amendment, that Plaintiff has failed to allege a claim for prospective injunctive relief that could be heard under *Ex parte Young*,[5] and that any action for injunctive relief would be barred by *Younger* [6] abstention.  Alternatively, Judge Kelly asserts that the Second Amended Complaint fails to state a claim against him in his official capacity because he is not a "person" subject to suit under § 1983.

---

[5] *Ex parte Young*, 209 U.S. 123 (1908).

[6] *Younger v. Harris*, 401 U.S. 37 (1971).

Moving for dismissal individually, Judge Kelly claims absolute judicial immunity from an action for damages. To the extent Plaintiff seeks injunctive relief against him, Judge Kelly relies on a statutory exemption for judicial officers. *See* 42 U.S.C. § 1983 ("except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Judge Kelly also asserts that any state law claim against him individually is barred by the Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq*.[7]

## Standard of Decision

Sovereign immunity, if timely asserted, is a jurisdictional bar to an exercise of federal court jurisdiction. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City Of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered. *See Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995).[8] Where the motion challenges the underlying factual basis for subject matter

---

[7] Judge Kelly also asserts, in both his official and individual capacities, that any "freestanding direct recovery" claim that Plaintiff purports to bring based on the Constitution fails to state a claim upon which relief can be granted. *See* Def. Kelly's Mot. Dism. [Doc. No. 31] at 6; Def. Kelly's (Official Capacity) Mot. Dism. [Doc. No. 32] at 9. The Court does not read the Second Amended Complaint to assert such a claim. In any event, however, the Court finds no need to reach this issue because Plaintiff's action against Judge Kelly fails on other grounds, as set forth below.

[8] Even when a court must confine itself to the plaintiff's pleading, however, the court may consider exhibits attached to a complaint and documents referred to in the complaint that are central to the plaintiff's

jurisdiction, however, the court's decision is not constrained by the pleadings.  *See Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).   In this case, Judge Kelly's motion for dismissal based on sovereign immunity presents a facial attack under Rule 12(b)(1) to Plaintiff's asserted basis for subject matter jurisdiction.

Judge Kelly also asserts non-jurisdictional defenses to suit, such as the doctrine of absolute immunity, that are governed by Rule 12(b)(6).  *See*, *e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (absolute judicial immunity bars an action otherwise cognizable under § 1983).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

---

claim, as well as matters of which a court may take judicial notice.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).

## Discussion

### A.    Sovereign Immunity

Plaintiff's action against Judge Kelly in his official capacity as a state court judge is an action against the State of Oklahoma. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"). Accordingly, Judge Kelly in his official capacity is shielded by the sovereign immunity of the State of Oklahoma, and Plaintiff's action is barred by the Eleventh Amendment unless he seeks only prospective injunctive relief of the sort that may be pursued against state officials under limited circumstances. *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974); *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (§ 1983 does not abrogate Eleventh Amendment immunity).  Plaintiff does not present any argument or legal authority that would permit him to pursue this action against Judge Kelly in his official capacity.

Therefore, the Court finds that it lacks jurisdiction to hear Plaintiff's claims against Judge Kelly in his official capacity, and that the action against judge Kelly in his official capacity must be dismissed.

### B.    Judicial Immunity

It is well settled under federal law that judges enjoy absolute immunity from suit.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (the doctrine is "solidly established" and protects a judicial act within the judge's jurisdiction regardless of how erroneous the act was or how injurious its consequences were to the plaintiff).

"[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery." *Mireles*, at 502 U.S. at 11. The immunity may be overcome in only two limited circumstances, neither of which is implicated here.

"First, a judge has no immunity from liability for nonjudicial actions, *i.e.*, actions not taken in the judges's judicial capacity." *Id*. The Supreme Court has "made clear that 'whether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id*. at 12 (quoting *Stump*, 435 U.S. at 362) (alteration by the Court in *Mireles*). Here, the allegations of the Second Amended Complaint, as well as Plaintiff's arguments in response to the motions, make clear that Plaintiff is suing Judge Kelly for actions that Judge Kelly took or failed to take in his judicial capacity. In fact, Plaintiff argues in his brief that Judge Kelly's conduct violated both Plaintiff's constitutional rights and "the judicial and ethical guidelines promulgated in the state's jurisdiction." *See* Pl.'s Combined Resp. Br. [Doc. No. 57], ¶ 3. Plaintiff's assertion that discovery is necessary "in order to ascertain the extent of the violation" is contrary to the doctrine of absolute immunity, and demonstrates why dismissal is necessary. *See id*., ¶ 4.

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. Plaintiff does not allege that Judge Kelly acted without any jurisdiction to do so. To the contrary, Plaintiff claims that Judge Kelly's actions caused injury to Plaintiff's parental rights and relationship with his son, precisely because Judge Kelly had the authority to correct any errors that allegedly occurred in the child custody proceedings. In short, there is no contention in this case that Judge Kelly acted in the absence of all jurisdiction.

Therefore, the Court finds that the Second Amended Complaint fails to state a claim against Judge Kelly because he is entitled to absolute immunity from Plaintiff's suit against him under federal law based on his judicial actions.

## C.      State Law Immunity

As to any state law claim, the Court does not read the Second Amended Complaint to assert a tort claim against Judge Kelly because Plaintiff does not allege compliance with jurisdictional preconditions to suit under the Governmental Tort Claims Act.  *See*, *e.g.*, *Cruse v. Board of County Comm'rs*, 910 P.2d 998, 1004-05 (Okla. 1995) (a civil action is barred by failure to comply with statutory procedural requirements).  However, Plaintiff has filed a motion to amend his complaint to state additional legal theories, and he argues in opposition to Judge Kelly's motions that liability might be imposed under Oklahoma tort law.  Thus, the Court will address this issue.

The Act provides for exclusive liability of the State of Oklahoma for the torts of its officers or employees acting within the scope of their office or employment.  *See* Okla. Stat. tit. 51, § 153; *see also Shephard v. CompSource Oklahoma*, 209 P.3d 288, 294 (Okla. 2009).  The Act also provides that all state employees acting within the scope of employment "shall be immune from liability for torts."  *See* Okla. Stat. tit. 51, § 152.1; *see also id*. § 163(C) ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .").  Therefore, to the extent Plaintiff seeks to sue Judge Kelly in tort for actions undertaken in performance of his judicial duties, Plaintiff's exclusive remedy would be an action against the State of Oklahoma in accordance with the Act.

## Conclusion

For these reasons, the Court finds that Judge Kelly is entitled to dismissal of Plaintiff's action against him in both his individual and official capacities.  Plaintiff's claims against Judge Kelly in his official capacity are dismissed without prejudice for lack of jurisdiction; Plaintiff's claims against Judge Kelly individually are dismissed with prejudice for failure to state a claim upon which relief can be granted.[9]

IT IS THEREFORE ORDERED that Defendant Christopher S. Kelly's Motions to Dismiss [Doc. Nos. 31 & 32] are GRANTED.  Plaintiff's action against Defendant Christopher S. Kelly is DISMISSED as set forth herein.

IT IS SO ORDERED this 28th day of November, 2012.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[9] Plaintiff will not be granted leave to amend his pleading with respect to Judge Kelly because Plaintiff has failed to cure these deficiencies by prior amendments, which were made after he was put on notice of Judge Kelly's defenses through prior motions to dismiss and through Judge Kelly's Motion for Sanctions [Doc. No. 36], which will be addressed by separate order.  *See TV Commc'ns Network, Inc. v. Turner Network Television, Inc*., 964 F.2d 1022, 1028 (10th Cir. 1992) (district court may deny leave to amend "if the denial rests on articulated reasons such as failure to cure deficiencies by previous amendments or futility of amendment").