IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

JOHN PAUL HEMMINGER,   )
           )
     Plaintiff,   )
           )
vs.          )  Case No. CIV-11-1274-D
           )
STEPHEN D. BEAM, *et al.*,   )
           )
     Defendants   )

## ORDER

   Before the Court is the Motion to Dismiss Second Amended Complaint on Behalf of Francine Seiden in Her Individual and Official Capacity [Doc. No. 77].  Defendant Seiden seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6), for lack of subject matter or personal jurisdiction and failure to state a claim against her, either individually or in her official capacity as a referee for the Family Court of Queens County, New York.  Plaintiff John Paul Hemminger, who appears *pro se*, has failed to file a timely response, and the Court in the exercise of discretion under LCvR7.1(g) deems the Motion confessed.  For this reason, and reasons set forth herein, the Court finds that Plaintiff's action should be dismissed for lack of jurisdiction over any claims against Defendant Seiden.

### Factual Background

   By the Second Amended Complaint [Doc. No. 30], Plaintiff brings claims against multiple defendants under federal law.  Plaintiff claims that Defendants have violated and conspired to violate

his civil rights under various amendments to the United States Constitution.[1]   Subject matter

jurisdiction is alleged to exist under 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights).

Defendant Seiden was the presiding officer in a family court proceeding in Queens County,

New York, which was initiated by Plaintiff's ex-wife, Defendant Gulen Dinc Zubizarreta, after she

relocated from Oklahoma with their minor son following the divorce.[2]   Defendant Seiden's

involvement in the case is similar to the involvement of Defendant Christopher Kelly, an associate

district judge for Washita County, Oklahoma; both are sued individually and in their official

capacities as state judicial officers.   These defendants conducted court proceedings regarding

visitation, child support, and other issues involving the child in their respective jurisdictions.

According to the Second Amended Complaint, actions are currently pending in both Oklahoma and

New York.[3]  Plaintiff complains of the manner in which Defendant Seiden conducted the New York

family court proceedings.

Plaintiff alleges that all Defendants' actions, individually and collectively, caused Plaintiff

to suffer a deprivation of federal constitutional rights, for which he seeks to recover damages under

42 U.S.C. § 1983.[4]  Plaintiff also prays for declaratory and injunctive relief against conduct that "is

---

[1]  The Second Amended Complaint refers to the First, Fourth and Fourteenth Amendments.  Plaintiff has requested permission to amend his pleading to add references to the Fifth, Sixth and Ninth Amendments.  *See* Pl.'s Mot. File Third Am. Compl. [Doc. No. 64], ¶ 4.

[2]  Plaintiff utilizes the spelling "Zubizaretta" in his pleadings, but the Court utilizes the spelling that was provided in Defendant Zubizarreta's filings and adopted by Plaintiff in subsequent filings.  The spelling "Zubizarreta" also appears in related state court cases.

[3]  Plaintiff filed motions in the original divorce proceeding in Custer County, Oklahoma, to which Judge Kelly was assigned, and Plaintiff appealed an adverse ruling to the Oklahoma Court of Civil Appeals. He also initiated a separate action in Canadian County, Oklahoma, where he now resides.  Plaintiff has apparently appealed Defendant Seiden's adverse rulings to a higher court in New York, but the status of the New York appellate proceedings is unclear from Plaintiff's pleading.

[4]  In addition to § 1983, Plaintiff cites 42 U.S.C. § 1985, perhaps based on his conspiracy allegations. However, § 1985(3) provides redress for "conspiracies driven by 'some racial or otherwise class-based

depriving Plaintiff of procedural and substantive process of law and [eroding] his constitutional and civil rights with respect to Plaintiff's Minor Child, JDH." *See* Second Am. Compl. [Doc. No. 30], at 40.  Particularly as to Defendant Seiden, Plaintiff complains that she entered temporary orders of protection against him without notice, blocked his efforts to appeal, conducted ex parte hearings, engaged in improper communications with Judge Kelly, exhibited bias against Plaintiff, refused to hear his objections, improperly entered a permanent protection order, and interfered with his ability to obtain audio recordings of court proceedings.  *Id.*, ¶¶ 37-44, 49-56.  For his alleged emotional distress and injuries to his relationship with JDH, Plaintiff seeks compensatory and punitive damages, as well as unspecified declaratory and injunctive relief.  Regarding the doctrine of judicial immunity, Plaintiff alleges that it has been "lost through Defendant's conduct and/or concerted effort(s), alone or with others."  *Id.* ¶ 75.

### Defendant's Motion

Moving for dismissal in her official capacity, Defendant Seiden claims sovereign immunity under the Eleventh Amendment from a suit for damages against a state officer, and the lack of any claim for prospective injunctive relief that could be heard under *Ex parte Young*.[5]  Alternatively, Defendant Seiden asserts that the Second Amended Complaint fails to state an official-capacity claim because a state officer is not a "person" subject to suit under § 1983.  Moving for dismissal individually, Defendant Seiden claims absolute judicial immunity from an action for damages, and an exemption by statute for any claim for injunctive relief.  *See* 42 U.S.C. § 1983 ("except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial

discriminatory animus,'" which is not alleged here.  *See Dixon v. City of Lawton*, 898 F.2d 1443, 1448 (10th Cir. 1990) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Plaintiff also cites 42 U.S.C. § 1988, but it "does not create independent causes of action."  *Schroder v. Volker*, 864 F.2d 97, 99 (10th Cir. 1991).

[5] *Ex parte Young*, 209 U.S. 123 (1908).

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").  Defendant Seiden also contends that a federal court sitting in Oklahoma lacks personal jurisdiction over her for a civil action based on her conduct in New York. Finally, Defendant Seiden asserts that any claim stated by Plaintiff would be barred by *Younger*[6] abstention.  Because Defendant Seiden's jurisdictional defenses are dispositive, the Court does not reach the merits of Plaintiff's claims against Defendant Seiden.[7]

**Subject Matter Jurisdiction**

**A.      Standard of Decision**

Sovereign immunity, if timely asserted, is a jurisdictional bar to an exercise of federal court jurisdiction.  *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974).  "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'"  *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.2002)).  If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the allegations as true; additional evidentiary materials may not be considered.  *See Holt v. United States*, 46 F. 3d 1000,

---

[6]  *Younger v. Harris*, 401 U.S. 37 (1971).

[7]  Were the Court to reach the merits of Plaintiff's claims, the Court would find that the Second Amended Complaint fails to state a claim upon which relief can be granted against Defendant Seiden because she is entitled to absolute judicial immunity.  *See* Order of Nov. 28, 2012 [Doc. No. 79] (ruling on defense of absolute immunity asserted by Judge Kelly).

1002 (10th Cir. 1995).[8]  Where the motion challenges the underlying factual basis for subject matter jurisdiction, however, the court's decision is not constrained by the pleadings.  *See Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).  In this case, Defendant Seiden's motion for dismissal based on sovereign immunity presents a facial attack under Rule 12(b)(1) to Plaintiff's asserted basis for subject matter jurisdiction.

## B.    Analysis

Plaintiff's action against Defendant Seiden in her official capacity as a state judicial officer is an action against the State of New York. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents"). Accordingly, Defendant Seiden in her official capacity is shielded by the sovereign immunity of the State of New York, and Plaintiff's action is barred by the Eleventh Amendment unless he seeks only prospective injunctive relief of the sort that may be pursued against state officials under limited circumstances.  *See Edelman*, 415 U.S. at 677; *see also Quern v. Jordan*, 440 U.S. 332, 345 (1979) (§ 1983 does not abrogate Eleventh Amendment immunity).  Plaintiff does not present any argument or legal authority that would permit him to pursue this action against Defendant Seiden in her official capacity.

---

[8] Even when a court must confine itself to the plaintiff's pleading, however, the court may consider exhibits attached to a complaint and documents referred to in the complaint that are central to the plaintiff's claim, as well as matters of which a court may take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Therefore, the Court finds that it lacks subject matter jurisdiction of Plaintiff's claims against Defendant Seiden in her official capacity.

**Personal Jurisdiction**

**A.     Standard of Decision**

Plaintiff has the burden of establishing personal jurisdiction over Defendant Seiden. *Intercon, Inc. v. Bell Atl. Internet Solutions*, 205 F.3d 1244, 1247 (10th Cir. 2000); *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). Where the issue is presented for decision without an evidentiary hearing, Plaintiff "need only make a prima facie showing that jurisdiction exists." *Intercon*, 205 F.3d at 1247 (internal quotation omitted); *see Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). At this stage, the Court must accept uncontroverted factual allegations as true. *See Employers*, 618 F.3d at 1159; *see also Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011); *Intercon*, 205 F.3d at 1247.

To establish personal jurisdiction of a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Employers*, 618 F.3d at 1159 (internal quotation omitted). Under Oklahoma law, the personal jurisdiction inquiry is simply a federal due process analysis. *Shrader*, 633 F.3d at 1239; *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247.

Plaintiff may satisfy the "minimum contacts" standard by establishing specific jurisdiction,[9] which exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472) (emphasis added in *Kuenzle*); *see Intercon*, 205 F.3d at 1247; *OMI Holdings*, 149 F.3d at 1091; *see also Employers*, 618 F.3d at 1160.   Purposeful conduct generally requires affirmative acts by the nonresident defendant that create a substantial connection to the state; unilateral activity of others is insufficient.   *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987); *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1073-74 (10th Cir. 2008); *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *OMI Holdings*, 149 F.3d at 1092; *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995).

## B.     Analysis

Upon review of the Second Amended Complaint, the Court finds insufficient factual allegations to establish minimum contacts between Defendant Seiden and the State of Oklahoma for an action against her in this forum.   From Plaintiff's allegations, it appears that his claims against Defendant Seiden arise solely from her conduct within the State of New York.   Plaintiff does not allege that Defendant Seiden purposely directed any activities at the State of Oklahoma, and Plaintiff has made no response to the Motion that would establish such purposeful conduct.   Further, were minimum contacts found to exist, the Court would conclude that an exercise of jurisdiction over Defendant Seiden would be unreasonable under controlling law and the circumstances shown by the

---

[9] There is no basis for general personal jurisdiction, which requires "continuous and systematic" contacts between a defendant and the forum state.   *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l., Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004); *OMI Holdings*, 149 F.3d at 1091.

existing record.  *See Asahi*, 480 U.S. at 113; *Dudnikov*, 514 F.3d at 1080; *Benton v. Cameco Corp.*, 375 F.3d 1070, 1078-79 (10th Cir. 2004).

      For these reasons, the Court concludes that Plaintiff has failed to show specific jurisdiction exists for his action against Defendant Seiden in this forum.  Therefore, the Court lacks personal jurisdiction over Defendant Seiden.

### Conclusion

      For these reasons, the Court finds that Defendant Seiden is entitled to dismissal of Plaintiff's action against her in both her individual and official capacities.  Plaintiff's claims against Defendant Seident are dismissed without prejudice for lack of jurisdiction.

      IT IS THEREFORE ORDERED that the Motion to Dismiss Second Amended Complaint on Behalf of Francine Seiden in Her Individual and Official Capacity [Doc. No. 77] is GRANTED. Plaintiff's action against Defendant Francine Seiden is DISMISSED without prejudice, as set forth herein.

      IT IS SO ORDERED this 28th day of December, 2012.

<br>

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE