IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PAUL HEMMINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1274-D |
| | ) |
| STEPHEN D. BEAM, *et al.*, | ) |
| | ) |
| Defendants | ) |

**ORDER**

Before the Court is Plaintiff's Motion for Stay of Proceedings and Accompanying Motion for Enlargement of Time [Doc. No. 97], filed *pro se* on March 8, 2013. Plaintiff asks that further proceedings in the case be stayed for at least six months due to his poor health, and he requests a 30-day extension of any filing deadlines. Defendant Stephen D. Beam has timely opposed the request for a stay.[1]

On the same day that Plaintiff filed his Motion, he attended a status/scheduling conference in the case. At the conference, the Court directed the parties to submit their Joint Status Report within 14 days, which has been done. Because no other deadlines currently exist, Plaintiff's Motion for Enlargement of Time is moot.

Plaintiff's Motion for Stay of Proceedings is based on chronic health conditions and medical treatment. Plaintiff expresses concern that he will be unable to give sufficient attention to this case or prosecute his claims in a timely manner. However, Plaintiff's

---

[1] All other named defendants have been dismissed by prior orders.

attendance at the March 8 conference and his subsequent completion of the Joint Status Report demonstrate he is not incapacitated. He has submitted a letter from his treating physician that confirms this fact. Dr. Rodgers describes a complicated medical condition and healing process, but states Plaintiff "is showing steady progress" interrupted by occasional episodes of "compromised function" that limit Plaintiff's activities of daily living. *See* Pl.'s Motion, Ex. A.

Under the circumstances presented, the Court finds that a stay of the case is unwarranted. "When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra, Weinstein, & Co. v. America Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (quoting *Span-Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985)); *see also Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936). Defendant Beam asserts that further delay of this case – which has been pending for well over a year – would be prejudicial to him. On the other hand, Plaintiff has not shown a clear case of hardship by requiring him to either move forward with his case or dismiss it without prejudice to refiling after his health improves, as suggested by Defendant Beam. Further, Defendant Beam expresses a willingness to incorporate sufficient time into the case schedule to accommodate Plaintiff's health condition, and the parties have proposed in the Joint Status Report a six-month period for discovery. In the Court's view, adopting this proposed schedule will allow ample time for Plaintiff to prepare his case, and renders a stay unnecessary. Out of an abundance of caution, however, the Court will increase the requested discovery period to seven months, which

should allow sufficient time for these proceedings even in light of Plaintiff's current condition.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Stay of Proceedings and Accompanying Motion for Enlargement of Time [Doc. No. 97] is DENIED. The Court will enter a standard scheduling order that provides a seven-month period of time to complete discovery.

IT IS SO ORDERED this 2nd day of April, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE