IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PAUL HEMMINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1274-D |
| ) | |
| STEPHEN D. BEAM, *et al.*, ) | |
| ) | |
| Defendants ) | |

### **ORDER**

Before the Court is Plaintiff's Motion, captioned "Combined Reconsideration of Motion for Stay and Accompanying Motion for Extension of Time to File Pleadings" [Doc. No. 105], filed *pro se* on April 17, 2013. Liberally construed, Plaintiff asks the Court to reconsider its ruling on his prior motion for a stay of proceedings and a 30-day extension of filing deadlines. *See* Order of April 2, 2013 [Doc. No. 103]. The Court denies the instant Motion without the need for a response by Defendant.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007). A district court has discretionary power to revise interlocutory orders at any time before the entry of a final judgment. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991); *Anderson*

*v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).  However, appropriate circumstances for seeking reconsideration of issues previously decided in a case are limited.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver*, 952 F.2d at 1243.

Plaintiff's request for a stay was fully considered by the Court and decided by its Order of April 2, 2013.  Plaintiff's Motion raises no new fact or argument, and presents an insufficient basis to revisit the issues addressed by the April 2 Order.  As to his renewed request for an extension of time, Plaintiff asks for 30 days "to file pleadings and responses." *See* Pl.'s Motion [Doc. No. 105], ¶ 3.  Plaintiff is not currently under any pleading deadline, and there is no pending motion to which a response is due.  Therefore, the Court finds no basis to reconsider its prior ruling that Plaintiff's request for a 30-day extension of filing deadlines is moot.[1]

---

[1] To the extent Plaintiff is referring to deadlines established by the Scheduling Order subsequently entered by the Court, the only impending deadlines are those to join parties and amend pleadings.  These are not pleading deadlines, but dates by which the parties should file motions to add parties or to file amended pleadings.  Plaintiff has already filed multiple amendments and named multiple defendants who have been dismissed.  However, Plaintiff may seek relief from these deadlines, if appropriate, in the manner required by LCvR7.1(h).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Combined Reconsideration of Motion for Stay and Accompanying Motion for Extension of Time to File Pleadings [Doc. No. 105] is DENIED.

IT IS SO ORDERED this 19th day of April, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE