IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN PAUL HEMMINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1274-D |
| ) | |
| STEPHEN D. BEAM, *et al.*, ) | |
| ) | |
| Defendants ) | |

**O R D E R**

This matter comes before the Court on Defendant Beam's Motion to Dismiss [Doc. No. 107], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] The only remaining defendant, Stephen D. Beam, seeks the dismissal of this civil rights action against him on the grounds that he was not acting under state law for purposes of liability under 42 U.S.C. § 1983 and Plaintiff's conclusory allegations of a conspiracy are insufficient. Defendant Beam also contends the Second Amended Complaint fails to state any other plausible claim against him.

Plaintiff has failed to respond to the Motion, and thus, the Court deems it confessed pursuant to LCvR7.1(g).[2] Further, for the reasons explained in Defendant Beam's supporting brief, the Court finds the Motion has merit and should be granted. Finally, no additional opportunity for Plaintiff to amend his pleading is warranted because he was previously authorized, but elected not to file, a Third Amended Complaint. *See* Order of Dec. 28, 2012 [Doc. No. 82] (granting Motion to File

---

[1] Because Defendant has already filed his answer, a more appropriate procedural rule might by Rule 12(c). *See* Fed. R. Civ. P. 12(h)(2)(B). However, the standard for decision is the same. *See Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004).

[2] The Court previously gave Plaintiff notice of the consequences of failing to respond when granting an extension of time *sua sponte*. *See* Order of May 23, 2013 [Doc. No. 108].

Third Amended Complaint); Order of Jan. 18, 2013 [Doc. No. 92] (finding Plaintiff had elected to stand on his Second Amended Complaint).[3]

IT IS THEREFORE ORDERED that Defendant Beam's Motion to Dismiss [Doc. No. 107] is GRANTED. Because all other defendants have previously been dismissed, a final judgment with regard to all parties shall be entered.

IT SO ORDERED this 6th day of June, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Also, while amended pleadings should be liberally permitted, the Court need not provide further opportunities to amend where prior amendments have failed to produce sufficient allegations to state an actionable § 1983 claim, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); or where Plaintiff fails to explain how further amendment would cure the deficiency in prior pleadings, *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009); *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).